IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17CV396

| | |
|---|---|
| MICHAEL BONEY, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| NANCY A. BERRYHILL, ) | |
| **Acting Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

This matter is before the Court on the parties' cross motions for summary judgment (# 9, 10).[1] Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying his claim for disability benefits. The issues have been fully briefed, and the matter is now ripe for ruling. For the reasons set forth below, the Court recommends that Plaintiff's motion for summary judgment be denied and the Commissioner's motion for summary judgment be granted.

## I. Procedural History

On August 26, 2013, Plaintiff filed a Title II application for a period of disability and disability insurance benefits, with an amended onset date alleging disability beginning September 1, 2012. (Transcript of Administrative Record ("T.") 29.) The Social Security

---

[1] Plaintiff's motion is styled as a "Motion for Judgment Remanding the Cause for a Rehearing." (# 9). Plaintiff represents that the motion is filed pursuant to Federal Rule of Civil Procedure 56. Id. at 1. The Court construes the motion as one seeking summary judgment.

Administration denied Plaintiff's claim initially on December 23, 2013. (T. 29.) The claim was denied upon reconsideration on April 4, 2014. (T. 29.) On April 21, 2014, Plaintiff filed a written request for a hearing. (T. 29.)

On May 18, 2016, a disability hearing was held before an Administrative Law Judge ("ALJ") in Charlotte, North Carolina. (T. 29.) Lavonne Brent, a vocational expert ("VE") appeared at the hearing. (T. 29.) Plaintiff was represented by attorneys Charles Sasser and Evan Metaxatos. (T. 29.) Attorney Metaxatos appeared at the hearing. (T. 29.)

The ALJ issued a decision finding that Plaintiff was not disabled from September 1, 2012, through the date of his decision, August 2, 2016. (T. 29-42.) Plaintiff requested review of the ALJ's decision. (T. 7.) The Appeals Council denied Plaintiff's request for review. (T. 7-9.) On July 7, 2017, Plaintiff filed the instant action seeking review of the Commissioner's final decision. See Compl. (# 1)

## II. Standard for Determining Disability

An individual is disabled for purposes of receiving disability payments if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); accord Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). The Commissioner undertakes a five-step inquiry to determine whether a claimant is disabled. Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam). Under the five-step sequential evaluation, the Commissioner must consider each of the following, in order: (1) whether the claimant has engaged in substantial gainful employment; (2)

2

whether the claimant has a severe impairment; (3) whether the claimant's impairment is sufficiently severe to meet or exceed the severity of one or more of the listing of impairments contained in Appendix 1 of 20 C.F.R. Part 404, Subpart P; (4) whether the claimant can perform his or her past relevant work; and (5) whether the claimant is able to perform any other work considering his or her age, education, and residual functional capacity ("RFC"). 20 C.F.R. § 404.1520; Mastro, 270 F.3d at 177; Johnson, 434 F.3d at 653 n.1.

At the first two steps of the sequential evaluation, the burden is on the claimant to make the requisite showing. Monroe v. Colvin, 826 F.3d 176, 179 (4th Cir. 2016). If a claimant fails to satisfy his or her burden at either of these first two steps, the ALJ will determine that the claimant is not disabled and the process comes to an end. Mascio v. Colvin, 780 F.3d 632, 634-35 (4th Cir. 2015). The burden remains on the claimant at step three to demonstrate that the claimant's impairments satisfy a listed impairment and, thereby, establish disability. Monroe, 826 F.3d at 179.

If the claimant fails to satisfy his or her burden at step three, however, then the ALJ must still determine the claimant's RFC. Mascio, 780 F.3d at 635. After determining the claimant's RFC, the ALJ proceeds to step four in order to determine whether the claimant can perform his or her past relevant work. Id. The burden is on the claimant to demonstrate that he or she is unable to perform past work. Monroe, 826 F.3d at 180. If the ALJ determines that a claimant is not cable of performing past work, then the ALJ proceeds to step five. Mascio, 780 F.3d at 635.

At step five, the ALJ must determine whether the claimant can perform other work.

3

Id. The burden rests with the Commissioner at step five to prove by a preponderance of the evidence that the claimant is capable of performing other work that exists in significant numbers in the national economy, taking into account the claimant's RFC, age, education, and work experience. Id.; Monroe, 826 F.3d at 180. Typically, the Commissioner satisfies her burden at step five through the use of the testimony of a VE, who offers testimony in response to a hypothetical question from the ALJ that incorporates the claimant's limitations. Mascio, 780 F.3d at 635; Monroe, 826 F.3d at 180. If the Commissioner satisfies her burden at step five, then the ALJ will find that the claimant is not disabled and deny the application for disability benefits. Mascio, 780 F.3d at 635; Monroe, 826 F.3d at 180.

### III. The ALJ's Decision

In his August 2, 2016, decision, the ALJ ultimately found that Plaintiff was not disabled under Sections 216(i) and 233(d) of the Social Security Act. (T. 42.) In support of this conclusion, the ALJ made the following specific findings:

(1) The claimant meets the insured status requirements of the Social Security Act through December 31, 2017.

(2) The claimant has not engaged in substantial gainful activity since September 1, 2012, the amended alleged onset date (20 C.F.R. § 404.1571 et seq.).

(3) The claimant has the following severe impairments: right shoulder and lower back injuries, arthritis, depression, and anxiety (20 C.F.R. § 404.1520(c)).

(4) The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526).

4

(5) The claimant has the RFC to lift/carry 50 pounds occasionally and 25 pounds frequently. He can stand and/or walk for six hours total, and he can sit for six hours total in an eight-hour workday. He can frequently climb, balance, stoop, kneel, crouch, and crawl. He can complete simple, routine tasks.

(6) The claimant is unable to perform any past relevant work (20 C.F.R. § 404.1565).[2]

(7) The claimant was born on January 7, 1972, and he was 39 years old, which is defined as a younger individual age 18-49, on the amended alleged disability onset date. (20 C.F.R. § 404.1563).

(8) The claimant has a limited education, and he is able to communicate in English (20 C.F.R. § 404.1564).

(9) Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See Social Security Ruling ("SSR") 82-41 and 20 C.F.R. Part 404, Subpart P, Appendix 2).

(10) Considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that he can perform (20 C.F.R. §§ 404.1569, 404.1569(a)).[3]

(11) The claimant has not been under a disability, as defined in the Social Security Act, from September 1, 2012, through August 2, 2016 (20 C.F.R. § 404.1520(g)).

(T. 29-42.)

**IV. Standard of Review**

---

[2] The VE identified Plaintiff's past relevant work as a HVAC helper. (T. 41, 68.)
[3] The VE testified that Plaintiff could perform the following jobs: an inspector, with 434,170 jobs nationally; a packer, with 666,860 jobs nationally; and a checker, with 431,080 jobs nationally. (T. 41-42.)

5

Title 42, United States Code, Section 405(g) provides that an individual may file an action in federal court seeking judicial review of the Commissioner's denial of social security benefits. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). The scope of judicial review is limited in that the district court "must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); accord Monroe, 826 F.3d at 186. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Craig, 76 F.3d at 589 (internal quotation marks omitted). It is more than a scintilla but less than a preponderance of evidence. Id.

When a federal district court reviews the Commissioner's final decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Id. Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that he was not disabled is supported by substantial evidence in the record, and whether the ALJ reached his decision based on the correct application of the law. Id.

**V.  Discussion**

   **A.  The ALJ properly evaluated the opinion evidence from Plaintiff's treating sources.**

In Plaintiff's first general assignment of error, he argues that the ALJ erred in the evaluation of his treating sources. Pl.'s Mem. Supp. (# 9-1) at 6-10. In particular, Plaintiff contends: (1) the ALJ failed to mention or evaluate the opinion of Mark C. Hines, M.D.;

(2) the ALJ failed to mention T. Michael Sherrill's opinion letter; and (3) the ALJ erred in his evaluation of the remainder of Plaintiff's medical opinion evidence. Id. Citing Patterson v. Comm'r Soc. Sec. Admin., 846 F.3d 656, 662-63 (4th Cir. 2017), Plaintiff concludes that he is entitled to remand. Pl.'s Mem. Supp. (# 9-1) at 10.

At the time of the ALJ's decision, the Regulations provided as follows with respect to the Social Security Administration's criteria for evaluating opinion evidence:

> Evidence that you submit or that we obtain may contain medical opinions. Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions.

20 C.F.R. § 404.1527(a)(2).[4] The Regulations direct that the ALJ must analyze and weigh the evidence of record with the following factors taken into consideration: (1) examining relationship, (2) treatment relationship, (3) supportability, (4) consistency, (5) specialization, and (6) various other factors. 20 C.F.R. § 404.1527(c); see Cohen v. Berryhill, 272 F. Supp. 3d 779, 781 (D.S.C. Aug. 23, 2017).

As a general rule, more weight is given to a medical professional who examines a claimant, as opposed to a non-examining source. 20 C.F.R. § 404.1527(c)(1); see Patterson v. Colvin, No. 5:12-CV-063-RLV-DCK, 2013 WL 3035792, at *4 (W.D.N.C. June 17, 2013). When a treating source's opinion regarding the nature and severity of a claimant's impairments is "well-supported by medically acceptable clinical and laboratory diagnostic

---

[4] This Memorandum and Recommendation reflects the Regulations as they stood on the date of the ALJ's decision, August 2, 2016.

7

techniques and is not inconsistent with the other substantial evidence" it is given "controlling weight." 20 C.F.R. § 404.1527(c)(2). An ALJ may conclude that opinion evidence from a treating source is entitled to little weight, but the ALJ is nevertheless required to adequately explain that decision. See Lewis v. Berryhill, 858 F.3d 858, 867 (4th Cir. 2017) (The ALJ must explain why when he fails to give a treating source less than controlling weight); see also Hines v. Barnhart, 453 F.3d 559, 563 n.2 (4th Cir. 2006) ("The treating physician rule is not absolute. An ALJ may choose to give less weight to the testimony of a treating physician if there is persuasive contradictory evidence.") (quotation omitted).

### 1. Dr. Hines' opinion

Plaintiff argues that the ALJ erred by failing to discuss or evaluate Dr. Hines' October 25, 2012 opinion. Pl.'s Mem. Supp. (# 9-1) at 6-7. In particular, Plaintiff contends that the ALJ failed to address Dr. Hines' opinion that Plaintiff avoid any sort of labor-related job and would be best suited for a seated job that allowed him to change positions frequently. Id. at 6. Citing Patterson, 846 F.3d at 662-63, Plaintiff concludes that the ALJ failed to show his work such that meaningful review is now precluded and remand is necessary. Pl.'s Mem. Supp. (# 9-1) at 7-8.

The particular opinion at issue involves Dr. Hines, a medical doctor, opining on the type job Plaintiff was best suited to perform. In sum, Dr. Hines was not expressing a medical opinion of the type entitled to deference by the ALJ. Rather, Dr. Hines was expressing an employment opinion on an area of expertise best left to the VE. See Fisher v. Barnhart, 181 F. App'x 359, 365 (4th Cir. 2006) (recognizing that vocational experts are

8

"employment experts").

### 2.     Dr. Sherrill's opinion

Next, Plaintiff argues that the ALJ failed to mention or consider an opinion letter from Dr. Sherrill, which was dated January 29, 2016. Pl.'s Mem. Supp. (# 9-1) at 8. In particular, Dr. Sherrill stated, "Mr. Boney suffers from chronic disability due to previous back injuries and scapula fracture. He is under my care for chronic pain and is treated with daily medication to control the pain. He has been compliant with his care. He would benefit from long-term disability." Id. Relying on Patterson, 846 F.3d at 662-63, Plaintiff concludes that remand is necessary to ascertain what consideration, if any, the ALJ gave to Dr. Sherrill's opinion. Pl.'s Mem. Supp. (# 9-1) at 8.

Opinions on some issues are not medical opinions, but rather are "opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of the case." 20 C.F.R. § 404.1527(d). Special significance will not be given "to the source of an opinion on issues reserved to the Commissioner." 20 C.F.R. § 404.1527(d)(3). SSR 96-5p, in pertinent part, provides: "The adjudicator is required to evaluate all evidence in the case record that may have a bearing on the determination or decision of disability[.]" 1996 WL 374183, at *3 (July 2, 1996).

In the instant case, the ALJ noted that Plaintiff began receiving care at Novant Health Lakeside Family Physicians ("Novant") in mid-2015. (T. 34.) Dr. Sherrill examined Plaintiff on August 4, 2015, and noted that Plaintiff reported back pain. (T. 34.) Subsequent exams at Novant, in September and October 2015, did not reveal problems with pain or range of motion deficits in Plaintiff's right shoulder and back. (T. 34.) A

9

physician's assistant ("P.A."), Courtney Smith, examined Plaintiff on November 3, 2015. (T. 34.) At the time, Plaintiff had a normal gait. (T. 34.) Plaintiff had some tenderness in his lumbar spine and surrounding musculature, without deformity. (T. 34.) Plaintiff was continued on Oxycodone for pain, and he described his pain as controlled. (T. 34.) See Gross v. Heckler, 785 F.2d 1163, 1166 (4th Cir. 1986) (per curiam) ("If a symptom can reasonably be controlled by medication or treatment, it is not disabling.") (citing Purdham v. Celebrezze, 349 F.2d 828, 830 (4th Cir. 1965)); see also 20 C.F.R. § 404.1530(a) ("In order to get benefits, you must follow treatment prescribed by your physician if this treatment can restore your ability to work."). Plaintiff's December 3 and December 29, 2015 exams did not reveal any back or shoulder problems. (T. 34.)

The evidence of record further reflects that Dr. Sherrill began treating Plaintiff for anxiety and depression in August 2015. (T. 35.) On September 4, 2015, Plaintiff complained of anxiety, panic attacks, and little energy. (T. 35.) Plaintiff was found to be in no acute distress, and there were no actual psychiatric symptoms observed. (T. 35.) Dr. Sherrill continued Plaintiff on his medication for anxiety and depression. (T. 35.) On October 2, 2015, Plaintiff did not exhibit psychiatric symptoms. (T. 35.) On November 3, 2015, P.A. Smith determined that Plaintiff had a bit of a flat, depressed affect, but he had normal judgment, insight, and memory. (T. 35.) P.A. Smith continued Plaintiff on medication for anxiety and also found that he had depression. (T. 35.) On December 29, 2015, Dr. Sherrill found that Plaintiff had a normal mood and affect. (T. 35.)

The ALJ properly found that the record contained no recent evidence of

10

Plaintiff consistently exhibiting mental health symptoms similar to those alleged during his May 18, 2016 hearing. (T. 39.) Plaintiff's exam notes show that he responded well to medication, and he was generally cooperative with a normal mood and affect. (T. 39.) Plaintiff's symptoms are consistent with the limitations included in the RFC, but they are not supportive of allegations made by Plaintiff during his hearing. (T. 39.) The ALJ concluded:

> In sum, while the evidence of record does not support the level of limitation alleged by the claimant, the undersigned recognizes that the claimant's impairments do result in some functional limitation, and the [RFC] has been fashioned to incorporate those limitations and restrictions supported by the medical evidence of record.

(T. 39.)

Therefore, contrary to Plaintiff's argument before this Court, Dr. Sherrill's opinion that Plaintiff would benefit from long-term disability was not entitled to special significance because this opinion did not have a "bearing on the determination or decision of disability." See 96-5p, 1996 WL 374183, at *3. Consequently, this assignment of error is overruled.

### 3. Dr. Hodges' opinion

Finally, Plaintiff argues that the ALJ erred by giving the opinion offered by Dr. Hodges "little weight" and the opinions of the non-examining state agency medical consultants "great weight." Pl.'s Mem. Supp. (# 9-1) at 8-10. Plaintiff concludes that he is entitled to remand in order to allow the ALJ to properly evaluate the opinion evidence. Id. at 8.

Dr. Hodges, Plaintiff's primary care physician, wrote a letter on June 12, 2015, in

11

which he stated, "Mr. Michael Boney has been under my care since 9/19/11. He is disabled from any and all employment including being a sandwich maker, cook helper, and dining room attendant." (T. 607.)

20 C.F.R. § 404.1527(d)(3) provides that special significance will <u>not</u> be given "to the source of an opinion on issues reserved to the Commissioner." Whether an individual is "disabled" under the Act is an issue specifically reserved to the Commissioner. SSR 96-5p, 1996 WL 374183, at *2.

The ALJ did not err in his evaluation of Dr. Hodges' June 12, 2015, opinion. Dr. Hodges' opinion that Plaintiff "is <u>disabled</u> from any and all employment" was not entitled to special significance. (T. 607) (emphasis added).

The Court will next address Plaintiff's argument that the ALJ erred by giving the non-examining state agency medical consultants "great weight." The Court concludes that the ALJ did not err because he was required to consider the state agency medical consultants' assessments as opinion evidence because they "are highly qualified and experts in Social Security disability evaluation." <u>See</u> 20 C.F.R. §§ 404.1513a(b)(1), 404.1527(e)(2)(i). The ALJ shall "consider the state agency physician assessments as opinion evidence." <u>Smith v. Colvin</u>, No. 6:15-1489-TLW-KFM, 2016 WL 4150755, at *19 (D.S.C. May 31, 2016) (citing 20 C.F.R. § 404.1527(e)(2)(i)); <u>see also</u> <u>Smith v. Schweiker</u>, 795 F.2d 343, 345 (4th Cir. 1986) (noting that opinions of a non-examining physician must be consistent with the record as a whole to constitute substantial evidence).

In sum, Dr. Hodges' June 12, 2015, opinion was not entitled to controlling weight or special significance, as the issue of disability is a matter reserved to the Commissioner.

12

See SSR 96-5p, 1996 WL 374183, at *2. Accordingly, this assignment of error is overruled.

### B. The ALJ properly evaluated all of Plaintiff' impairments.

In Plaintiff's second and final general assignment of error, he argues that the ALJ failed to evaluate all of his impairments. Pl.'s Mem. Supp. (# 9-1) at 10-12. In particular, Plaintiff contends that the ALJ failed to mention or analyze his obesity and cervicular radiculopathy. Id. Plaintiff concludes that remand is warranted. Id. at 12.

#### 1. Obesity[5]

Relying on SSR 02-1p, 2002 WL 34686281 (Sept. 2002), Plaintiff argues that the record demonstrates he is obese, and therefore, the ALJ was required to consider his obesity at steps two through four of the sequential evaluation. Pl.'s Mem. Supp. (# 9-1) at 10 (citing T. 543, 548, 550, 558, 564, 568, 581). Citing Pope v. Colvin, No. 5:13-CV-40-D, 2014 WL 672249 (E.D.N.C. Feb. 20, 2014), Plaintiff concludes that the ALJ's error in this regard requires remand. Id. at 10-11.

Obesity is defined as "a complex, chronic disease characterized by excessive accumulation of body fat. Obesity is generally the result of a combination of factors (e.g., genetic, environmental, and behavioral)." SSR 02-1p, 2002 WL 34686281, at *2. An individual with a body mass index ("BMI") of 30.0 or above is deemed obese. Id. When a claimant is obese, the ALJ must evaluate the obesity in determining the following: (1) whether the claimant has a medically determinable impairment; (2) whether it is a severe

---

[5] The record reveals that Plaintiff is 5'10" tall and 248 pounds. (T. 76.)

13

impairment; (3) whether it is a factor in meeting or equaling a listed impairment; (4) and whether it impacts an individual's ability to do past relevant work or other work that exists in significant numbers in the national economy.  Id. at *3; see Sawyer v. Astrue, 775 F. Supp. 2d 829, 839 (E.D.N.C. 2011).

In the instant case, it is evident from the ALJ's decision that he implicitly considered Plaintiff's obesity by adopting the conclusion of the state agency medical experts who evaluated Plaintiff's obesity both initially and on reconsideration.  (T. 92, 99, 104.) The ALJ determined that the opinions offered by the state agency medical experts, David Cox, M.D. and Jagjit Sandhu, M.D., were entitled to "great weight."  (T. 39.)  Therefore, any error by the ALJ in failing to explicitly discuss the effects of Plaintiff's obesity was harmless.  See Yarborough v. Colvin, No. 1:13-CV-00180-MR, 2014 WL 4700684, at *2 (W.D.N.C. Sept. 22, 2014) (citing McKinney v. Astrue, No. 1:11-CV-00199-MR-DLH, 2012 WL 693144, at *3 (W.D.N.C. Dec, 11, 2012), adopted by, 2013 WL 300822 (W.D.N.C. Jan. 25, 2013)).  Consequently, this assignment of error is overruled.

### 2. Cervical Radiculopathy

Plaintiff next argues that the ALJ's failure to address his cervical radiculopathy was an error that makes it impossible for this Court to determine whether the ALJ's findings were supported by substantial evidence.  Pl.'s Mem. Supp. (# 9-1) at 12.  Relying on Brown v. Colvin, 639 F. App'x 921, 923 (4th Cir. 2016), Plaintiff concludes that the absence of discussion about his cervical radiculopathy makes it impossible to determine if the ALJ's

findings are supported by substantial evidence and requires remand.[6] Id.

It is evident from the ALJ's decision that he implicitly considered Plaintiff's radiculopathy by adopting the conclusion of the state agency medical experts who evaluated the condition. See (T. 98.) More importantly, however, the record reflects that Plaintiff's counsel and Plaintiff did not properly raise Plaintiff's cervical radiculopathy as an issue. For example, neither Plaintiff nor his attorney mentioned his cervical radiculopathy at Plaintiff's May 18, 2016, hearing. See (T. 47-71.) Also, in Plaintiff's Disability Report-Adult, he did not mention "cervical radiculopathy" as a condition that limited his ability to work.[7] (T. 240.) Because Plaintiff and his counsel failed to properly bring his cervical radiculopathy to the attention of the ALJ, Plaintiff's argument must fail. Accordingly, this assignment of error is overruled.

## VI. Conclusion

In light of the foregoing, the Court RECOMMENDS that Plaintiff's motion for summary judgment (# 9) be DENIED, and the Commissioner's motion for summary judgment (# 10) be GRANTED.

Signed: May 20, 2018

Dennis L. Howell
United States Magistrate Judge

---

[6] The Commissioner presents her positio[n] declining to categorize Plaintiff's cervical radiculopathy as a severe impairment." Def.'s Mem. Supp. (# 11) at 17. The Court fails to see this as the issue raised by Plaintiff. See Pl.'s Mem. Supp. (# 10) at 12.

[7] Plaintiff was directed to separately list all of the physical and mental conditions that limited his ability to work. (T. 240.) Plaintiff listed only the following: arthritis, back pain, depression, and torn ligaments in his left hand. (T. 240.)

## **Time for Objections**

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636(b)(1)(C), and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal. See Thomas v. Arn, 474 U.S. 140, 140 (1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).